

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0306-14

**THE STATE OF TEXAS**

**v.**

**DAVID VILLARREAL, Appellee**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW**
**FROM THE THIRTEENTH COURT OF APPEALS**
**NUECES COUNTY**

**MEYERS, J., filed a dissenting opinion.**

### O P I N I O N

While it is well settled that the Fourth Amendment will ordinarily require a warrant for a search or seizure conducted by the State, it is also well settled that there are multiple exceptions to this warrant requirement. *See, e.g., Carroll v. United States*, 267 U.S. 132 (1925); *Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602 (1989). Here, the majority has concluded that the mandatory blood draw outlined in Section 724.012(b)(3)(B) of the Texas Transportation Code does not fall within any of the current recognized exceptions to

the warrant requirement. I do not disagree with this conclusion. I do, however, believe that the Legislature intended to create a new exception to the warrant requirement with this statute, and that this exception is constitutional.

Section 724.012(b)(3)(B) states that an officer "shall require the taking of a specimen of the person's breath or blood" if the officer has an individual under arrest for an intoxication offense and some other circumstance exists, such as the individual having two prior convictions for driving while intoxicated. The majority holds that when this type of search of the blood occurs nonconsensually and without a warrant, as in this case, it is not constitutional. However, even outside the circumstances listed in this provision, officers who obtain a warrant are allowed to take blood or breath samples from any individual arrested for driving while intoxicated. If this is permitted in any case, then the existence of this provision would have no purpose unless it is meant to allow for unwarranted searches in the specific instances listed. The majority's conclusion renders this provision unnecessary. Further, if a warrant is required, the wording of the statute stating that the officer "shall" get a specimen would place an officer in violation of the law if the magistrate refuses to sign the officer's warrant, since the officer would be prevented from obtaining a specimen.

This provision should be upheld as an exception to the warrant requirement because the search is not an unreasonable one and because individuals are put on clear notice that they can expect some police intrusion under these specific circumstances.[1] This statute is far

---

[1]The specific circumstances we refer to occur when an individual with at least two prior intoxication offense convictions has already been arrested on suspicion of a third intoxication

clearer than the judicially created exceptions to the warrant requirement, such as exigent circumstances, which is not objectively defined in a written statute. This provision was created legislatively and is codified in the Texas Transportation Code. Therefore, drivers are deemed to have knowledge of it and have notice that such a search is required under these specific circumstances. Although this is not exactly the same as a term of probation where the defendant is required to breathe into a device that measures blood alcohol content before starting his car, if the Legislature passed a statute requiring defendants to continue to use such a device after their probationary period expired, I would certainly think that would pass constitutional muster. The current situation is the same thing as requiring sex offenders to continue to register with the State long after their punishment or probation has expired. Here, we are essentially telling defendants that after their second conviction of driving while intoxicated, they must submit to a search, even without a warrant, if arrested for such an offense again.

Further, Section 724.012(b)(3)(B) is limited in scope, applying only to individuals with two prior convictions (not mere arrests) of driving while intoxicated. It is not an overreaching statute that is applicable to the average driver as it affects only the individuals who are repeat offenders and are well aware of the legal consequences of driving while intoxicated, but have been arrested for yet another intoxication offense. The State has a special interest in prosecuting these dangerous individuals in order to protect the public by

offense.

keeping repeat offenders off the roads, and the Legislature enacted this provision to provide an exception to the warrant requirement in these instances where such a special danger is present.

Because I believe that it is clear that the Legislature wanted to create an exception to the requirement that a warrant be obtained before taking a specimen from an individual under arrest for driving while intoxicated in specific, limited circumstances, I disagree with the majority's conclusion. I would hold that Section 724.012(b)(3)(B) contains a constitutional exception to the warrant requirement and would overturn the decision of the court of appeals. Therefore, I respectfully dissent.

Meyers, J.

Filed: November 26, 2014

Publish